United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH LEE TAYLOR,                     )     C 07-4147 MJJ (PR)
                                        )
                Petitioner,             )     **ORDER TO SHOW CAUSE**
                                        )
        vs.                             )
                                        )
ROBERT AYERS,                           )     (Docket No. 4)
                                        )
                Respondent.             )
                                        )

Petitioner, a California prisoner, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

**BACKGROUND**

In 1995, petitioner was sentenced to state prison for a term of 42 years to life following his conviction for carjacking, being a felon in possession of a firearm, and assault with a deadly weapon.  Petitioner challenged his conviction and sentence on direct appeal, and in habeas petitions, in all three levels of the California courts.

**DISCUSSION**

A.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28

G:\PRO-SE\MJJ\HC.07\taylor.osc.wpd

1  U.S.C. § 2243.

2  B.     Legal Claims

3       Petitioner claims: (1`) he was denied due process at the hearing to re-sentence him; (2)

4  he was denied his due process right of allocution at the re-sentencing hearing sentencing; and

5  (3)  he received ineffective assistance of counsel at the re- sentencing hearing.  Liberally

6  construed, these claims are cognizable.

7                                    **CONCLUSION**

8       For the foregoing reasons, the Court hereby orders:

9       1.     The Clerk of the Court shall serve by certified mail a copy of this order,

10 petition, and all attachments thereto, upon respondent and respondent's attorney, the Attorney

11 General for the State of California.  The Clerk shall also serve a copy of this order on

12 petitioner.

13      2.     Respondent shall file with the Court and serve on petitioner, within 90 days of

14 the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

15 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

16 granted based on petitioner's cognizable claims.  Respondent shall file with the answer and

17 serve on petitioner a copy of all portions of the state trial record that have been transcribed

18 previously and that are relevant to a determination of the issues presented by the petition.

19      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

20 the Court and serving it on respondent within 30 days of his receipt of the answer.

21      3.     Respondent may, within 90 days, file a motion to dismiss on procedural

22 grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the

23 Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file

24 with the Court and serve on respondent an opposition or statement of non-opposition within

25 30 days of receipt of the motion, and respondent shall file with the Court and serve on

26 petitioner a reply within 15 days of receipt of any opposition.

27      4.     Petitioner is reminded that all communications with the Court must be served

28 on respondent by mailing a true copy of the document to respondent's counsel.

G:\PRO-SE\MJJ\HC.07\taylor.osc.wpd                    2

1    5.    It is petitioner's responsibility to prosecute this case. Petitioner must keep the

2    Court and respondent informed of any change of address and must comply with the Court's

3    orders in a timely fashion. Failure to do so may result in the dismissal of this action for

4    failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5    6.    Upon a showing of good cause, requests for a reasonable extension of time will

6    be granted as long as they are filed on or before the deadline which they seek to extend.

7    7.    Petitioner's motion for appointment of counsel is DENIED for want of

8    exceptional circumstances and because no evidentiary hearing is necessary at this time. The

9    Court will reconsider this request sua sponte at a later date should the circumstances of this

10   case change in such a way as to necessitate appointment of counsel.

11       IT IS SO ORDERED.

12   DATED: 10/12/2007

13

14   MARTIN J. JENKINS
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNET LEE TAYLOR,

        Plaintiff,

v.

ROBERT AYERS et al,

        Defendant.

_____/

Case Number: CV07-04147 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 16, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Lee Taylor
San Quentin State Prison
Prisoner Id J-89634
(1-N-62 low)
San Quentin, CA 94974

Dated: October 16, 2007

*Lashanda Scott*
Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk