**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10    KENNETH LEE TAYLOR,                  )    No. C 07-4147 MMC (PR)
                                           )
11              Petitioner,                )    **ORDER TO SHOW CAUSE;**
                                           )    **LIFTING STAY; DIRECTING**
12    v.                                   )    **CLERK TO ADMINISTRATIVELY**
                                           )    **REOPEN ACTION**
13    ROBERT AYERS, Warden,                )
                                           )
14              Respondent.                )
      _____     )

15

16         On August 13, 2007, petitioner, a California prisoner proceeding pro se, filed the

17    above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed

18    January 8, 2008, the Court granted in part respondent's motion to dismiss the petition as

19    unexhausted, and also granted petitioner's motion to stay the petition while petitioner

20    returned to state court to exhaust state remedies with respect to his previously unexhausted

21    claims.[1]  The Court therein directed petitioner, after exhausting his state court remedies, to

22    file an amended petition containing all of his exhausted claims.  Additionally, the Court

23    directed the Clerk of the Court to administratively close the case while the stay is in effect.

24    Now pending before the Court is petitioner's amended petition.

25                                      **BACKGROUND**

26         In1995, in the Superior Court of Alameda County, petitioner was found guilty of

27

28         [1]The case initially was assigned to the Honorable Martin J. Jenkins.  On April 7, 2008,
      the case was re-assigned to the undersigned.

carjacking, assault with a deadly weapon, and being an ex-felon in possession of a firearm. He was sentenced to a term of forty-two years to life in state prison.  The California Court of Appeal affirmed the conviction and the California Supreme Court denied review.  Thereafter, petitioner filed state habeas petitions that were denied in the Superior Court, the California Court of Appeal, and the California Supreme Court.

**DISCUSSION**

A.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.    Petitioner's Claims

In the amended petition, petitioner asserts the following claims for relief: (1) he was denied due process at his re-sentencing hearing because the judge relied on erroneous factual information to sentence him; (2) he was denied due process at his re-sentencing hearing because he was denied his right to allocution; (3) he was provided ineffective assistance of counsel at trial and at the re-sentencing hearing; (4) the trial court failed to properly instruct the jury with respect to several jury instructions; (5) petitioner was denied a fair trial in violation of due process as a result of perjured testimony by two prosecution witnesses; and (6) his Sixth Amendment rights were violated when he was sentenced to an upper term based on facts found by the trial court, not the jury.  Liberally construed, petitioner's claims are cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The stay entered herein on January 8, 2008 is hereby LIFTED and the Clerk is directed to ADMINISTRATIVELY REOPEN the instant action.

2. The Clerk shall serve by certified mail a copy of this order, <u>the amended petition and all attachments thereto (Docket No. 8)</u>, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  <u>Together with the answer, respondent shall also file a response to petitioner's motion for an evidentiary hearing.</u>

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.  Together with the traverse, petitioner may file a reply to respondent's response to the motion for an evidentiary hearing.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on

1    respondent by mailing a true copy of the document to respondent's counsel.

2        6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

3    Court and respondent informed of any change of address and must comply with the Court's

4    orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

5    failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6        7.  Upon a showing of good cause, requests for a reasonable extension of time will be

7    granted provided they are filed on or before the deadline they seek to extend.

8        IT IS SO ORDERED.

9    DATED: July 8, 2009

10                                     _____
                                       MAXINE M. CHESNEY
                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4