IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT AYERS, Warden,<br><br>    Respondent.<br>_____ | No. C 07-4147 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY; DENYING MOTION FOR EVIDENTIARY HEARING**<br><br>**(Docket Nos. 17 & 23)** |

On August 13, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is respondent's motion to dismiss the petition as untimely. Petitioner has opposed the motion, and also has filed a motion for an evidentiary hearing.

## BACKGROUND

On December 15, 1995, in the Superior Court of Alameda County ("Superior Court"), petitioner was sentenced to forty-two years to life in state prison after a jury found petitioner guilty of carjacking, assault with a deadly weapon, and being an ex-felon in possession of a firearm, and found true various sentence enhancements. On March 13, 1997, the California Court of Appeal affirmed the judgment. (Mot. Dismiss Ex. 1.) On May 28, 1997, the California Supreme Court denied the petition for review, without prejudice to petitioner's filing a petition for a writ of habeas corpus in the sentencing court in light of People v. Superior Court (Romero), 13 Cal.4th 497 (1996), which case was decided subsequent to

petitioner's sentencing and explained the circumstances under which a sentencing court may exercise its discretion to dismiss prior convictions used for sentence enhancement purposes. (Mot. Dismiss at 2:24-26 & Ex. 3 at 1.)[1]

Approximately four years later, on May 16, 2001, petitioner filed a petition for a writ of habeas corpus in the Superior Court. The Superior Court granted the writ in part and ordered the case set for a resentencing hearing, finding the original sentencing court had not recognized its power, as set forth in Romero, to strike one or more of petitioner's prior convictions. (Mot. Dismiss Ex. 2.)

On March 19, 2004, the Superior Court held a resentencing hearing and adopted the sentence originally imposed. On March 3, 2006, the California Court of Appeal denied petitioner's appeal of the sentencing decision. (Mot. Dismiss Ex. 3.) On April 5, 2006, petitioner filed a petition for review of the appellate court's decision and, on May 10, 2006, the petition for review was denied by the California Supreme Court. (Mot. Dismiss Ex. 4.)

More than one year later, on July 9, 2007, petitioner filed a second habeas petition in the Superior Court, asserting claims of error regarding his 1995 criminal trial. On July 10, 2007, the Superior Court denied the petition as untimely. (Amen. Pet. Ex. B at 65, 66.)

On August 6, 2007, petitioner signed his proof of service of the instant petition, and the petition was filed in federal district court on August 13, 2007. (Docket No. 1.) Thereafter, this Court, by order filed January 1, 2008, granted in part respondent's motion to dismiss the petition as unexhausted, and also granted petitioner's motion to stay the petition while petitioner returned to state court to exhaust state remedies with respect to his previously unexhausted claims. (Docket No. 6.)

On January 15, 2008, petitioner filed in the California Court of Appeal a petition for a writ of habeas corpus challenging his 1995 criminal conviction. On January 24, 2008, the Court of Appeal denied the petition as untimely. (Amen. Pet. Ex. B at 68, 69.)

---

[1] Neither respondent nor petitioner has provided a copy of the California Supreme Court's denial of the petition for review. The date and contents of the denial, however, are undisputed by the parties.

On February 14, 2008, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (AP Ex. B at 89.) The petition was denied summarily on July 23, 2008. (AP Ex. B at 95.)

On August 20, 2008, petitioner handed the instant amended petition to prison officials for mailing to federal district court. The amended petition was received and filed by the district court on August 22, 2008. (Docket No. 8.)

## DISCUSSION

A. <u>Statutory Provisions Applicable to Petitioner's Claims</u>

As noted, respondent moves to dismiss the amended petition as untimely.[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. The statute sets forth four different dates from which the limitations period may run. <u>See</u> 28 U.S.C. § 2244(d)(1)(A)-(D). In arguing the instant motion to dismiss, respondent relies solely upon § 2244(d)(1)(A), which provides that petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

While the above provision clearly is applicable to petitioner's challenge to his 1995 state court conviction, it would not appear to apply to petitioner's challenge to his sentence. In particular, as set forth above, the following proceedings occurred. Petitioner's original sentence was vacated after the Superior Court granted in part petitioner's May 15, 2001 state habeas petition, by which he challenged his sentence under <u>Romero</u>, and the matter was remanded for resentencing. The Superior Court thereafter held a resentencing hearing and

---

[2]Although respondent previously filed a motion to dismiss the petition as unexhausted, and did not at that time assert a statute of limitations defense, respondent is not barred from asserting the defense at this time. <u>See</u> Randle v. Crawford, 578 F. 3d 1177, 1181-82 (9th Cir. 2009) (finding respondent's failure to raise statute of limitations defense in motion to dismiss and other prior filings did not waive defense, as prior motion and other filings did not constitute responsive pleadings).

3

1 adopted the sentence originally imposed. Petitioner's appeal of the Superior Court's decision
2 was denied, and the California Supreme Court denied review on May 10, 2006. In the instant
3 petition, petitioner challenges the result of the resentencing hearing.

Based on the above, the Court finds the provision of the statute applicable to petitioner's challenge to his sentence is § 2244(d)(1)(D), which provides for delayed commencement of the limitations period to the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In particular, a state court judgment in a petitioner's case can constitute a factual predicate triggering a new limitations period under § 2244(d)(1)(D). See Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (discussing Johnson v. United States, 544 U.S. 295 (2005), which held state court order vacating petitioner's state conviction qualified as "fact" under essentially identical delayed-commencement provision applicable to motions brought under § 2255).

Accordingly, because two different provisions for calculating the statute of limitations apply, respectively, to petitioner's two claims, the Court will discuss each in turn below.

B.   Calculation of the One-Year Period

At the outset, the Court notes that when reviewing whether a petition has been timely filed under AEDPA, irrespective of the particular provision under consideration, the court calculates the one-year period in accordance with Rule 6 of the Federal Rules of Civil Procedure, the general rule for computing time in federal courts. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Specifically, under Rule 6, the day of the event that triggers the time period is excluded from the computation, while the last day of the time period is included. Fed. R. Civ. P. 6(a)(1).

1.   Challenge to Conviction

As noted, the timeliness of petitioner's challenge to his conviction is governed by 28 U.S.C. § 2244(d)(1)(A), which provides a one-year limitations period commencing on the date judgment became final. Petitioner's judgment became final on direct appeal on August 26, 1997, ninety days after the California Supreme Court denied review and the date

4

on which his time to file a petition for a writ of certiorari from the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Applying Rule 6 to the relevant dates herein, the statute began to run on August 27, 1997, and, absent tolling, petitioner had until August 27, 1998, to file in federal court a timely habeas petition challenging his conviction. Petitioner, however, did not file the original petition in the instant action until August 6, 2007.[3] Accordingly, unless petitioner is entitled to statutory or equitable tolling of the statute of limitations, the claims challenging the conviction are untimely.

### 2. Challenge to Sentence

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period runs from the date the petitioner knows, or through due diligence could discover, the factual predicate of his claim. See Hasan v. Galaza, 254 F.3d 1150, 1154, n.3 (9th Cir. 2001); see also Johnson, 544 U.S. at 310 n.8 ("[O]nce the [predicate] facts become discoverable . . . the limitations period will run from the date of notice . . . ."). Here, the factual predicate of petitioner's claim challenging his resentencing was the Superior Court's March 19, 2004 adoption of the original sentence. Consequently, applying Rule 6 to the dates herein, the statute began to run on March 20, 2004, and, absent tolling, petitioner had until March 20, 2005, to file in federal court a timely habeas petition challenging his conviction. Because petitioner did not file the original petition in the instant action until August 6, 2007, however, the claim challenging the Superior Court's resentencing decision is untimely, unless petitioner is entitled to statutory or equitable tolling of the statute of limitations.

### C. Statutory Tolling

---

[3]The Court applies the mailbox rule to establish the date on which the petition was filed. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding, under "mailbox rule," AEDPA one-year limitations period is tolled, for purposes of 28 U.S.C. § 2244(d)(2), as of date prisoner delivers state petition to prison authorities for forwarding to court). Further, although an amended petition is deemed to supercede an original petition, the Court will assume, solely for purposes of the instant order, that the claims in petitioner's amended petition relate back to his original petition. Consequently, the Court, in addressing respondent's arguments, will consider the timeliness of the original, rather than the amended, petition.

5

Pursuant to § 2244(d)(2), the running of the one-year statutory limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statutory limitations period is not tolled, however, for the time between the date on which the relevant final decision under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first state collateral challenge is filed. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

### 1. Challenge to Conviction

With respect to petitioner's challenge to his conviction, the statute, as noted, began to run on August 27, 1997, the day after the Supreme Court's denial of review of petitioner's appeal became final; the statutory time continued to run for three years, eight months and twenty days, i.e., until May 16, 2001, the date on which petitioner filed his first state habeas petition in the Superior Court. Consequently, the one-year limitations period already had expired before petitioner ever filed his first state habeas petition in Superior Court. Petitioner's subsequent filing of that petition did not initiate a new limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.") Accordingly, petitioner is not entitled to statutory tolling with respect to the claims challenging his conviction.

### 2. Challenge to Sentence

With respect to petitioner's challenge to the Superior Court's resentencing decision, the statute, as noted, began to run on March 20, 2004, the day after the decision issued; the statutory time ran for five days, i.e., until March 25, 2004, the date on which petitioner filed his appeal of that decision. Thereafter, the statutory time was tolled continuously through May 10, 2006, when the petition for review was denied by the California Supreme Court. See Carey v. Saffold, 536 U.S. 214, 219-20 (2006); Cal. R. Court 8.532(b)(2)(A) (providing denial of petition for review of appellate court decision is final on date of filing). Thus, as only five days of the limitations period ran before tolling began, petitioner had 360 days, i.e.,

1 until May 5, 2007, to timely file a federal petition challenging his sentence. Because
2 petitioner did not file the instant petition until August 6, 2007, however, his challenge to his
3 sentence is not rendered timely by statutory tolling.

D.  Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling. Holland v. Florida, --- S. Ct. ----, 2010 WL 2346549, *12 (U.S. June 14, 2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. (internal quotation and citation omitted). Unprofessional conduct on the part of a petitioner's attorney may, in certain circumstances, amount to extraordinary circumstances sufficient to warrant equitable tolling. Id. at *13.

Here, petitioner argues he is entitled to equitable tolling of the statute of limitations for the period of time during which, following the conclusion of petitioner's direct appeal in May 1997, his trial attorney failed to return petitioner's case file and state trial transcripts and, despite his having expressly represented to petitioner and petitioner's appellate attorneys that he would do so, failed to file a state habeas petition raising the Romero resentencing issue. Additionally, petitioner asserts that in the course of seeking information from said counsel about the status of petitioner's state habeas petition, petitioner, in February 2001, learned said counsel had been disbarred in 1998 and left his practice; petitioner then prepared on his own behalf a state habeas petition, raising the Romero issue as well as issues related to the conduct of his trial, which petition was filed in the Superior Court on May 16, 2001.

The Court need not decide whether the circumstances alleged by petitioner amount to extraordinary circumstances for purposes of equitable tolling. In particular, even if the Court assumes equitable tolling is warranted until the date on which petitioner filed his state habeas petition pro se, and further assuming statutory tolling is available for the entire period during which appellate proceedings with respect to said petition were pending, the instant federal petition remains untimely. Specifically, if the running of the limitations period is tolled from the date on which petitioner's conviction became final, i.e., August 26, 1997, until the date

7

1 on which the California Supreme Court denied review of petitioner's state habeas petition
2 raising the Romero issue, i.e., May 10, 2006, the latest date for petitioner to timely file his
3 federal habeas petition was May 10, 2007. As noted, however, petitioner did not file the
4 original petition in the instant case until August 6, 2007. Petitioner makes no argument that
5 he was prevented by extraordinary circumstances from filing his federal petition within the
6 allotted 365 days after his petition for review was denied, nor is any such argument apparent
7 from the record developed herein. Accordingly, petitioner's challenge to his sentence is not
8 rendered timely by equitable tolling.

E. <u>Actual Innocence</u>

Lastly, petitioner argues that all of his untimely claims should be allowed to proceed under the "fundamental miscarriage of justice" exception applicable to successive, abusive, or procedurally defaulted claims raised in federal habeas petitions. A federal court may hear the merits of successive, abusive, or procedurally defaulted claims where the failure to hear the claims would constitute a "miscarriage of justice." <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339-40 1992). As the Supreme Court explained in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), the exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Id.</u> at 327. To date, neither the Supreme Court nor the Ninth Circuit has decided whether AEDPA's statute of limitations is subject to such exception. <u>See</u> <u>Majoy v. Roe</u>, 296 F.3d 770, 776 (9th Cir. 2002) (reserving issue of whether actual innocence exception applies to time-barred petitions; remanding to district court to determine whether actual innocence claim established). Here, as discussed below, petitioner has set forth no evidence that would support a claim of actual innocence, and, consequently, this Court likewise will not address the general availability of the exception.

In order for barred claims to pass through "<u>Schlup's</u> gateway," <u>see id.</u>, a petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998); <u>Jaramillo v. Stewart</u>, 340 F.3d 877, 882-83 (9th Cir. 2003). "To be credible, such a claim [of actual innocence] requires [the]

8

petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup, 513 U.S. at 324.  It is not enough that the evidence show the existence of reasonable doubt; the petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him" in light of the new evidence.  Id. at 329.

Here, none of petitioner's claims go to the question of whether he is factually innocent of the crimes for which he was convicted; none of the claims contain allegations of innocence based on new reliable evidence that was not presented at the trial, nor has petitioner shown it is more likely than not that no reasonable jury would have found him guilty beyond a reasonable doubt based on any such evidence.  Accordingly, the Court finds the actual innocence exception is not applicable herein.

F.  Evidentiary Hearing

Petitioner moves for an evidentiary hearing to develop facts he claims were not adequately developed at trial, and also to develop facts pertaining to his claim of actual innocence.  Because the Court has found the petition must be dismissed as untimely, and petitioner has not made a threshold showing of actual innocence, his motion for an evidentiary hearing will be denied.

**CONCLUSION**

For the reasons stated above:

1. Respondent's motion to dismiss the petition as untimely is hereby GRANTED.

2. Petitioner's motion for an evidentiary hearing is hereby DENIED.

This order terminates Docket Nos. 17 and 23.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: June 23, 2010

_____
MAXINE M. CHESNEY
United States District Judge

9