IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,   )   | No. C 07-4147 MMC (PR) |
| Petitioner,   )   | **ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |
| v.   )   | |
| ROBERT AYERS, Warden,   )   | |
| Respondent.   )   | (Docket Nos. 32, 33) |
| _____  )   | |

On August 13, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Thereafter, the Court, by order filed June 23, 2010, granted respondent's motion to dismiss the petition as barred by the applicable one-year statute of limitations.  Petitioner has now filed a notice of appeal from the entry of judgment in respondent's favor, as well as an application for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b).  Additionally, petitioner has filed a request for appointment of counsel.

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484; see James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. See id.

Here, petitioner, in his application for a COA, does not challenge the Court's finding that the petition was not timely filed. Thus, for the reasons discussed in the Court's order granting respondent's motion to dismiss, the Court finds petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling.

Further, the Court finds unpersuasive petitioner's arguments in support of a COA. Specifically, the Court finds the following asserted grounds lack merit: (1) that petitioner has discovered new evidence of prosecutorial misconduct, (2) that the Court erred by finding the "actual innocence" exception to procedurally defaulted claims did not require review of petitioner's claims on the merits, and (3) that the Court erred by finding petitioner was not entitled to an evidentiary hearing to develop facts he claims were not adequately developed at trial, as well as facts pertaining to his claim of actual innocence.

First, petitioner's alleged discovery of evidence of prosecutorial misconduct is not grounds for issuance of a COA herein. Rather, if petitioner has discovered evidence that he believes entitles him to relief on any such additional claim(s), he must exhaust his state remedies with respect to such claim(s) and then file a new federal habeas petition. Second, the Court's finding that the actual innocence exception is not available to petitioner is not subject to debate; specifically, the Ninth Circuit recently has made clear that there is no actual innocence exception to the one-year statute of limitations for filing a federal habeas petition. See Lampert v. Lee, 610 F.3d 1125, 1136 (9th Cir. 2010). Lastly, the Court's

denial of petitioner's request for an evidentiary hearing to develop underlying facts pertaining to his trial and his claim of actual innocence is unavailing, for the reasons that there was no impropriety in the Court's determination not to reach the merits of petitioner's claims given the untimeliness of the petition, and, as noted, the actual innocence exception is unavailable to petitioner.

Accordingly, for the reasons set forth above, petitioner's application for a certificate of appealability is hereby DENIED, and petitioner's request for appointment of counsel is hereby DENIED, without prejudice to petitioner's renewing both the application and the request in the Ninth Circuit.[1]

The Clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, from which petitioner may also seek a certificate of appealability and such other relief as appropriate. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

This order terminates Docket Nos. 32 and 33.

IT IS SO ORDERED.

DATED: January 3, 2011

MAXINE M. CHESNEY
United States District Judge

---

[1] Together with his application for a COA and request for appointment of counsel, petitioner has submitted trust account documents that ordinarily would accompany an application to proceed in forma pauperis. Petitioner, however, has not filed the required form application to proceed in forma pauperis on appeal; consequently, the Court makes no determination as to whether such status should be granted.